Guido Petrosinelli
vs. } No. 74413.
James Conroy, alias.

December 18, 1928

HAHN, J. Heard on plaintiff's motion for a new trial after verdict for the defendant.

This is an action of trespass for assault, in which plaintiff claims that defendant, on the 23rd day of December, 1927, inflicted a wound upon him by the use of a knife or sharp instrument.

While defendant admits making a move in the direction of the plaintiff with his hand, in which he held a knife, he says that it was done jokingly, that there was no animosity and that it was all in a spirit of play.

When one uses a weapon that injures another, any justification must be clear and convincing. In this case the defendant has not produced satisfactory evidence to show that the assault was brought about as he claims

The verdict is against the evidence and the weight thereof.

Plaintiff's motion for a new trial is granted.

For plaintiff: John H. Di Stefano.

For defendant: G. R. Beane.

Rhode Island Hospital Trust Company, Trustee and Administrator c. t. a. d. b. n. vs. Theodore Davis Boal, et als. } Eq. No. 6747.

December 18, 1928.

BAKER, J. Heard on removal petition.

This case was begun in this Court more than four and a half years ago. Recently certain respondents filed joint and several answers in the nature of a cross-bill praying for affirmative relief. Thereupon certain other respondents filed a petition, together with bond in the sum of $500 with surety, asking for the removal of the cause to the Federal Court. Objection having been made to the approval or granting of this petition by this Court, a hearing thereon was held.

On such a proceeding as this it is clear that any controverted allegations of fact are triable only in the Court to which the removal is sought. There is presented to the State Court a question of law, namely, whether, admitting the facts as stated in the petition for removal to be true, there appears on the record such a situation as entitles the petitioner to a removal.

If the petition or if the record is clearly insufficient upon its face to justify the removal, then certainly the State Court can with propriety deny the petition.

Burlington &c. Rwy. Co. vs. Dunn, 122;

Chicago &c. Rwy. Co. vs. Dowell, 229 U. S. 102.

It seems, however, equally well settled that as a practical matter the filing of the petition for removal together with a proper bond actually and in fact transfers the litigation to the Federal Court regardless of whether or not the State Court may approve an order of removal. This ruling is based on the provisions of Sec. 29 of the Judicial Code.

Williams vs. N. Y., Phila. & Norfolk R. R. Co., 11 Fed. 2nd Series 363.

Montgomery's Manual of Federal Jurisdiction & Procedure, 3rd ed. Sec. 304.

The real question in this case, therefore, seems to be whether the removal shall take place with the sanction of this court or without it. The

petition for removal herein is based on the theory that the cross-bill recently filed sets up a separable controversy involving a Federal question, in that it actively attacks the validity of a certain decree of the Federal Court entered in what has been known as the Atwood case.

Those parties objecting to the removal contend that no separable Federal question is raised by the cross-bill and that the validity of the Atwood judgment and decree is not attacked, but that the cross-bill is based on certain adjudications which have taken place since the Atwood decree was entered, and that the question raised by those parties seeking the removal are in reality matters of defense to the cross-bill rather than matters appearing on the face of the record.

The Court has examined the record in this proceeding and in particular the cross-bill and the removal petition and bond. If it appeared patent on the face of this record that no Federal question was involved, the Court would feel that it ought not to give its approval to the removal proceedings, but where, as the Court believes the situation to be here, a debatable issue is presented, and where, as the Court views it, the question is not without doubt, it feels satisfied that it should permit the litigation to be removed to the Federal Court, particularly in view of the fact, as referred to, that the filing of the petition and bond actually amounts to a removal.

Those objecting to the removal further urge that if this Court grants the petition, it should in any event require a larger bond to be filed, because they contend that upon the hearing in the Federal Court they will request the allowance of substantial counsel fees. Under the statute the bond is given as surety that those removing the case shall within the proper time file copies of the record in the Federal Court and pay all costs that may be awarded by the Federal Court if it shall hold that the proceeding was improperly removed.

An examination of the cases leads the Court to believe that under certain circumstances the term "costs" may include attorneys' fees, but whether such attorneys' fees are substantial or merely statutory and nominal is not by any means so clear. This question is, of course, not for this Court to determine. The bond with surety presented in this case is in the amount commonly used.

After considering the question the Court has come to the conclusion that the bond as presented is sufficient and will therefore approve it in the amount of $500.

For the reasons above indicated the petition for removal is granted.

For complainant: Tillinghast & Collins.

For respondents: Edwards & Angell, Greenough, Easton & Cross, Sheffield & Harvey.